UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-14020-Civ-Cannon/Maynard

MASON WOOLEY,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,[1]

    Defendants.
_____/

## REPORT RECOMMENDING THAT PLAINTIFF'S MOTION TO CHANGE VENUE BE GRANTED

**THIS CAUSE** is before the Court upon an Order referring this matter to the undersigned for appropriate disposition of pending matters [DE 2]. Pending before the Court is Plaintiff's Motion to Change Venue [DE 10]. Being fully advised in the premises, the undersigned respectfully recommends that the Motion be **GRANTED** for the following reasons.

In January 2021, *pro se* Plaintiff Mason Wooley commenced this action seeking judicial review of the decision of the Commissioner of Social Security denying his application for disability benefits and alleging violation of certain statutory and constitutional rights in how the Social Security Administration handled his application [DE 1]. The Court thereafter issued an Order denying Plaintiff's motion to proceed *in forma pauperis* [DE 9]. There is no indication in the record that Plaintiff has paid the filing fee or filed proof of service on Defendant, and Defendant

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Andrew Saul as the Defendant. No further action need be taken to continue this suit consistent with the Social Security Act. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

has not yet appeared in this case.

At the time Plaintiff filed his Complaint earlier this year, he was residing in Fort Pierce [DE 1 at 8]. Because Plaintiff was residing within the Southern District of Florida at the time, venue was initially proper here. However, in a supporting "Memo" filed contemporaneously with Plaintiff's instant Motion to change venue, Plaintiff states that he has now "moved to Amherst, Massachusetts and intends to continue to reside here." [DE 11]

Pursuant to 42 U.S.C § 405(g), an action for judicial review of any final decision of the Commissioner "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." In addition, the statute governing venue changes states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Here, because Plaintiff no longer resides in the Southern District of Florida, the Court finds that for the convenience of the parties and in the interest of justice, this case should be transferred to the District of Massachusetts where Plaintiff now resides. *See, e.g., Fraser v. Berryhill*, 2018 WL 2017721 (N.D. Tex. Apr. 30, 2018) (granting motion to change venue under § 1404(a) from the district in Texas where plaintiff resided when action was filed to the district in Florida where plaintiff moved while his action was pending); *Montelongo v. Social Sec. Admin.,* 2014 WL 7398912 (N.D. Tex. Dec. 30, 2014) (transferring case brought under § 405(g) from district in Texas where plaintiff resided when action was filed to district in California where plaintiff had moved during pendency of litigation).

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion to Change Venue [DE 10] be **GRANTED** and that this case be transferred to the District

of Massachusetts for further proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 1st of September, 2021.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE